IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BEVERLY BAKER and JESSICA BAKER,[1] | § § § | No. 719, 2014 |
| Petitioners Below, Appellants, | § § § § | Court Below—Family Court of the State of Delaware in and for Kent County |
| v. | § § | |
| DUSTIN BROWN, | § § § | File No. CK13-01010 Petition Nos. 13-22030, |
| Respondent Below, Appellee. | § § § | 13-34770, and 13-28017 |

Submitted: July 24, 2015
Decided: September 23, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 23rd day of September 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellants, Beverly Baker ("the Maternal Grandmother") and Jessica Baker ("the Mother"), filed this appeal from the Family Court's December 3, 2014 order granting Mother and the appellee, Dustin Brown ("the Father"), joint legal care and custody of their child. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)	The Mother and the Father are the parents of a son born on December 24, 2012 ("the Son"). On July 8, 2013, the Father filed a petition for temporary visitation and a petition for visitation. The Mother opposed the hours of temporary visitation sought by the Father and opposed visits occurring at the Father's house. The Father was granted temporary visitation, which consisted of two hour visits, twice a week, with visits to start at the Mother's home and then change to unsupervised visits after one month.

(3)	On August 29, 2013, the Mother and the Maternal Grandmother, who was appointed *guardian ad litem* for the Mother because the Mother was a minor, filed a petition for custody of the Son. They alleged, among other things, that the Father lived in unsanitary conditions, had mental problems, and was easily manipulated. The Father answered the petition and denied the allegations.

(4)	The Father also filed a counter petition for custody of the Son. The Father alleged, among other things, that the Mother resided on a property with a large number of feral cats that posed a threat to the Son, a member of the Mother's family had at least one violent felony conviction, the Division of Family Services had investigated the Mother's family for inappropriate sexual contact between the Mother and her siblings, and the Son had flea bites, marks, and diaper rash when he was came from the Mother's house for visits with the Father. The Mother and the Maternal Grandmother answered the petition and denied the allegations.

2

(5)     The Family Court held a hearing on the custody petitions on December 3, 2014.  The Mother and the Maternal Grandmother appeared *pro se*, while the Father was represented by counsel.  The Mother presented three witnesses and the Father presented three witnesses.  At the conclusion of the hearing, the Family Court reviewed the best interest factors set forth in 13 *Del. C.* § 722 and held that it was in the best interests of the Son for the parents to have joint care and custody.  The Family Court ordered that the Mother would have the Son from 6:00 p.m. Sunday to 6:00 p.m. Tuesday and from 6:00 p.m. Thursday to noon Saturday.  The Father would have the Son during the other times of the week.  This appeal followed.

(6)     On appeal, the Mother and the Maternal Grandmother raise a number of issues concerning the appropriateness of the custody schedule ordered by the Family Court and the fitness of Father and the Paternal Grandmother to care for the Son.  This Court's review of a Family Court decision includes a review of both the law and the facts.[2]  Conclusions of law are reviewe*d de novo*.[3]  Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4]  We will not

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*

3

substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[5]

(7)     Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for a child in accordance with the best interests of the child.[6]  The criteria for determining the best interests of a child are set forth in 13 *Del. C.* § 722.  Under Section 722, the Family Court must consider all relevant factors including: (i) the wishes of the parents regarding the child's custody and residential arrangements; (ii) the wishes of the child regarding her custodians and residential arrangements; (iii) the interaction and interrelationship of the child with her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance by both parents with their rights and responsibilities to the child under 13 *Del. C.* § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household.

(8)     The Mother and Maternal Grandmother contend that the Son lacks stability under the Family Court's order because he alternates between their family

---

[5] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[6] 13 *Del. C.* § 722.

4

and the Father's family. The transcript of the December 3, 2014 hearing reflects that the Family Court considered the relevant Section 722 factors. The Family Court concluded that it was in the Son's best interests for the parents to share joint care and custody of the Son. The testimony and evidence offered at the December 3, 2014 supports this conclusion. Most of the other claims that the Mother and the Maternal Grandmother raise on appeal were not before the Family Court in the first instance and cannot properly be considered by the Court for the first time on appeal.[7]

(9)     Mother and Maternal Grandmother also claim that the photographs attached to their opening brief are not new evidence because they were offered as part of the Family Court hearing. The record does not support this claim. First, some of the photographs were taken after the December 3, 2014 hearing and could not have been offered at that hearing. Second, the Maternal Grandmother offered photographs in the Family Court to show that her family loved the Son and were

---

[7] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review...."); *Zappa v. Logan*, 2013 WL 4538215, at *1 (Del. Aug. 23, 2013) (finding appellant's explanation for missing hearing and evidence to refute allegations of abuse were outside record and would not be considered on appeal); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) (stating "[i]t is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court" and striking materials from appendix that were outside of record on appeal). We note that the Family Court may modify a custody order on an application made within two years of the most recent order if the Family Court finds, after a hearing, that continuing enforcement of the existing order may endanger the child's physical health or significantly impair the child's emotional development. 13 *Del. C.* § 729(c)(1). If the application for modification is made more than two years after the Family Court's most recent order, the Family Court must consider, among other things, whether the child will suffer any harm from modification of the previous order and the best interests of the child. 13 *Del. C.* § 729(c)(2).

not neglecting him. The Family Court stated that it understood this point and that it was not necessary to admit photographs to make the point. The photographs attached to the opening brief on appeal relate to the Mother's mostly new claims against the Father and his family, not how the Mother's family treats the Son. The Mother's family did not inform the Family Court that they wished to introduce photographs supporting their claims that Father's custody should be terminated. Accordingly, the photographs in the opening brief are not properly before this Court and will not be considered in this appeal.[8]

(10) The Mother's concerns regarding the Paternal Grandmother, rather than the Father, caring for the Son and the Father's use of a car seat for the Son were raised in the Family Court. The Father testified about the time he spent with his Son during visits and that he wanted to have more time with the Son. The Father also testified that the Paternal Grandmother often picked up and dropped off his son from visits due to his work schedule. As to the allegation that the Father did not consistently use a car seat for the Son, the Family Court questioned the Father about his use of the car seat and found him to credible. We will not substitute our opinion for that of the Family Court in a matter of credibility.[9]

(11) Under the circumstances, we find no error or abuse of discretion in the Family Court's ruling. The Family Court correctly applied the law and considered

---

[8] *See supra* n. 7.
[9] *Wife (J. F.V.)*, 402 A.2d at 1204.

the best interest factors under 13 *Del. C.* § 722. Accordingly, we affirm the Family Court's decision that it was in the Son's best interests for their parents to share joint care and custody of the Child.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice
